CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00011 |
| | ) | (CASE NO. 5:13CV80574) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| FERNANDO BARAJAS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Fernando Barajas, a federal inmate proceeding <u>pro se</u>, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Barajas is challenging the validity of his confinement pursuant to the judgment of this court entered September 6, 2007, whereby he was convicted of possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

Barajas was convicted pursuant to a written plea agreement, after assuring the court during the guilty plea colloquy on May 10, 2007, that he was knowingly and voluntarily entering into the agreement. The court sentenced Barajas on September 6, 2007, to term of 108 months in prison on the drug offense and a consecutive term of 60 months on the firearm offense. Barajas did not appeal his conviction or sentence.

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that petitioner is not entitled to relief.

In his § 2255 motion, Barajas alleges that his trial attorney provided ineffective assistance during plea negotiations, and that he is entitled to relief under § 2255 based on two March 21, 2012 decisions by the United States Supreme Court: Lafler v. Cooper, ___U.S.___, 132 S. Ct. 1376 (2012) and Missouri v. Frye, ___U.S.___, 132 S. Ct. 1399 (2012). Furthermore, Barajas asserts that his § 2255 motion is timely filed under § 2255(f)(3), because he filed it within one year of the Lafler and Frye decisions.

The court filed the § 2255 motion conditionally, notified Barajas that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely.

Barajas has responded by submitting his declaration under penalty of perjury that he delivered his § 2255 motion to prison authorities for mailing on March 14, 2013. Barajas made no additional arguments concerning the timeliness of his motion. After considering Barajas's submissions and the record, the court concludes that his § 2255 motion must be dismissed as untimely.

## II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Barajas on September 6, 2007. Because he did not appeal the judgment, his conviction became final on September 20, 2007, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (former version). He then had one year – until September 19, 2008 – in which to file a timely § 2255 motion. As he filed his § 2255 motion, at the earliest, on March 14, 2013, his motion is untimely under § 2255(f)(1).

In his § 2255 motion, Barajas argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of Lafler, 132 S. Ct. 1376 (holding that habeas corpus petitioner was prejudiced by counsel's deficient performance advising him to reject the plea agreement offered and go to trial) and Frye, 132 S. Ct. 1399 (holding that counsel was deficient in failing to communicate prosecutor's plea offer to defendant before offer expired). Specifically, Barajas asserts that counsel should have advised him against accepting the plea agreement, because his offense conduct did not support a conviction for possession of a firearm in furtherance of a drug trafficking crime.

The Lafler and Frye decisions cannot trigger calculation of Barajas's filing period under § 2255(f)(3), because they did not recognize any new rights for criminal defendants. Rather, in

3

these decisions, the Supreme Court merely applied the well-established analysis in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984) (requiring a petitioner to establish counsel's deficient performance and resulting prejudice to state a violation of the Sixth Amendment), to the plea negotiation process.[2] See Lafler, 132 S. Ct. at 1384 (noting that decision addressed the application of Strickland to alleged ineffective assistance that resulted in rejection of plea offer on charge(s) for which defendant was later convicted at trial); Frye, 132 S. Ct. at 1409 (noting that its discussion involved an "application of Strickland to the instances of an uncommunicated, lapsed plea").[3] Therefore, the court concludes that Barajas's § 2255 motion is not timely under § 2255(f)(3) and the case law he cites.

Barajas fails to demonstrate any other reason that his § 2255 motion should not be dismissed as untimely under § 2255(f). He does not allege facts on which he is entitled to calculation of his statutory filing period under any of the other subsections of § 2255(f). Nor does he present any ground on which he is entitled to equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (finding that to warrant equitable tolling, defendant must "establish[ ] two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way") (internal quotation marks and citation omitted).

---

[2] See In re Perez, 682 F.3d 930, 932 (11th Cir. May 25, 2012) ("[T]he Supreme Court's language in Lafler and Frye confirm that the cases are merely an application of the Sixth Amendment right to counsel, as defined in Strickland, to a specific factual context.").

[3] The majority of courts addressing the issue have held that neither Frye nor Lafler create a new constitutional right that is retroactive to cases on collateral review such that they may be relied upon to rescue a time-barred § 2255 petition. See Ortiz v. United States, No. 12 Civ. 5236 (BMC), 2012 WL 5438938 (E.D.N.Y. 2012) (collecting cases from the United States Courts of Appeals for the Fifth, Ninth, and Eleventh Circuits, as well as district court cases from within the Fourth Circuit, which have determined that Frye did not create a new constitutional right that is retroactive to cases on collateral review); see also Gist v. United States, Civil Action No. 4:13–00159–TLW, 2013 WL 1303101 (D.S.C. Mar.28, 2013) (agreeing with cases from the Fifth, Seventh, Ninth and Eleventh Circuits that Lafler does not establish a new constitutional right that is retroactive to cases on collateral review).

4

For the reasons stated, the court concludes that Barajas's § 2255 motion must be dismissed as untimely filed. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 30th day of April, 2013.

/s/ Glen Conrad
Chief United States District Judge