

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 18 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00011 |
| | ) | (CASE NO. 5:13CV80574) |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| FERNANDO BARAJAS, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

Fernando Barajas, a federal inmate proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Barajas claimed that his September 6, 2007 judgment of conviction for possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), must be vacated, because his attorney provided ineffective assistance by advising him to plead guilty to this offense when the government had no evidence of "furtherance." By opinion and order entered April 30, 2013, the court dismissed Barajas' § 2255 motion as untimely under § 2255(f). Barajas then filed this motion for reconsideration, arguing that his actual innocence of the § 924(c) charge entitled him to equitable tolling of the § 2255(f) filing deadline. The government has now responded to the motion for reconsideration in light of the Supreme Court's decision in McQuiggin v. Perkins, __U.S.__, 133 S. Ct. 1924 (May 28, 2013) (finding that a showing of actual innocence can be a ground for equitable tolling of the § 2255(f) filing deadlines), and Barajas has replied. After review of the parties' submissions, the court concludes that the motion to reconsider must be denied.

I

Barajas pleaded guilty in this court, pursuant to a written plea agreement, to possession with intent to distribute 50 grams or more of methamphetamine (Count One) and possession of a

firearm in furtherance of a drug trafficking crime (Count Two),[1] in violation of 18 U.S.C. § 924(c). The court sentenced Barajas on September 6, 2007, to term of 108 months in prison on the drug offense and a consecutive term of 60 months on the firearm offense. Barajas did not appeal his conviction or sentence.

As stated, the court dismissed Barajas' initial § 2255 motion as untimely under § 2255(f). In his motion to reconsider, Barajas asserts that he is actually innocent of this offense. He argues that his innocence should equitably toll the filing deadline under § 2255(f) allow consideration of his § 2255 claims challenging the § 924(c) conviction.

## II

In McQuiggin, the Supreme Court held that "actual innocence, if proved, serves as a gateway though which a petitioner may pass whether the impediment is a procedural bar . . . [or] expiration of the statute of limitations." 133 S. Ct. at 1928. This rare exception to procedural default requires the defendant's showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). The government argues that, because Barajas does not present any "new evidence" as a basis for his actual innocence claim, he cannot utilize the McQuiggin/Schulp "actual innocence" gateway as an exception to his default under § 2255(f).

The court agrees that Barajas does not make a colorable showing of actual innocence under the Schulp standard. At the time of Barajas' conviction in 2006, it was well settled that to prove the defendant guilty of a firearm possession violation § 924(c), the government is required to "present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted). Based on the evidence the government intended to present at

---

[1] According to the government's statement of facts in support of the guilty plea, a confidential informant would have testified at trial that Barajas negotiated a large methamphetamine sale in Harrisonburg, Virginia, in October 2006. When agents intercepted Barajas at the place and time scheduled for the transaction, they recovered eight ounces of the drug from his vehicle. Agents then obtained a search warrant for his residence, where they recovered more methamphetamine, cash, and "a Cobray .410 shotgun." (ECF No. 22.)

2

trial, Barajas chose to plead guilty to this offense, in exchange for the benefits of the plea agreement. He offers no newly discovered, reliable evidence he could now offer that would change the evidentiary landscape such that no reasonable juror would find him guilty of the § 924(c) offense beyond a reasonable doubt. Therefore, the court concludes that his motion under § 2255 was properly dismissed as untimely under § 2255(f) and denies the motion to reconsider.

Barajas suggests that his actual innocence claim may be eligible for consideration under 28 U.S.C. § 2241 via the so-called "savings clause" in § 2255(e). See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). The court finds no merit to this argument. A § 2241 petition may be used to test the legality of a conviction, when:

> at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) *subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (emphasis added) Barajas' claim that he is actually innocent of such a violation is not based on any change in substantive law since his conviction. Therefore, his assertion of actual innocence of the § 924(c) offense does not satisfy the prerequisites for consideration under § 2241.

For the reasons stated, the court concludes that Barajas's motion to reconsider must be denied. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 17th day of October, 2013.

/s/ Glen Conrad
Chief United States District Judge

3